# EXHIBIT A

4/14/2015 11:56:53 AM
Chris Daniel - District Clerk Harris County
Envelope No. 4879098
By: Sherryl Dewalt
Filed: 4/14/2015 11:56:53 AM

**2015-21438 / Court: 190**

CAUSE NO. _____

| | | |
|---|---|---|
| IGNACIO HERNANDEZ | § § § | IN THE DISTRICT COURT OF |
| V. | § § § § | HARRIS COUNTY, TEXAS |
| JUAN FUENTES-BARROSO and SUDDATH RELOCATION SYSTEMS, INC. | § § | _____ JUDICIAL DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, IGNACIO HERNANDEZ, Plaintiff, complaining of Defendants JUAN FUENTES-BARROSO and SUDDATH RELOCATION SYSTEMS, INC. and in support would show the Court as follows:

I.

Discovery is intended to be conducted under Level 2 of the Texas Rules of Civil Procedure 190.

II.

Plaintiff, IGNACIO HERNANDEZ, is a resident of Harris County, Texas. The last 3 digits of IGNACIO HERNANDEZ'S Texas driver's license are 382.

Defendant, JUAN FUENTES-BARROSO, a resident of Miami-Dade County, Florida and may be served process at his last known address: 10444 SW 150TH Ter, Miami, Florida 33176.

Defendant, SUDDATH RELOCATION SYSTEMS, INC., is a For-Profit Corporation organized under Florida Secretary of State and my served process through its registered agent James G. Barnett at: 815 S. Main St., Jacksonville, Florida 32207.

Certified Document Number: 65014713 - Page 1 of 7

III.

On or about June 22, 2013 Plaintiff, IGNACIO HERNANDEZ was involved in an accident which occurred in Harris County, Texas. At the time in question, Plaintiff sustained serious and disabling injuries when the automobiles he was driving was struck by a commercial truck tractor pulling a semi-trailer operated by Defendant, JUAN FUENTES-BARROSO, and owned by Defendant, SUDDATH RELOCATION SYSTEMS, INC..

IV.

At the time of the accident made the basis of this suit, Defendant, JUAN FUENTES-BARROSO was operating the aforementioned vehicle in a negligent and careless manner in the following respects, which, among others, may be shown at the trial of this cause:

1. Failing to keep a proper lookout;

2. Failing to apply the brakes in time;

3. Failing to take evasive action;

4. Engaging in activities inside the vehicle while driving;

5. Driver attention;

6. Failing to operate the vehicle in obedience to traffic laws and regulations;

7. Violating the TEX. TRANSP. CODE ANN. §545.401 *et seq.*;

8. Failing to keep a proper distance between Defendant's vehicle and the vehicle in front of it;

9. In driving recklessly and showing reckless disregard for human life; and

10. Disregard for stop light.

Certified Document Number: 65014713 - Page 2 of 7

V.

Each of these acts and omissions, singularly or in combination with others, constitute gross negligence, where Defendant JUAN FUENTES-BARROSO was aware of the risks involved but still proceeded with a conscious indifference to the rights, safety, and welfare of others, which was the proximate cause of this incident, and the injuries sustained by the Plaintiff. Additionally, Defendant JUAN FUENTES-BARROSO was aware of the extreme degree of risk involved in operating a commercial vehicle nevertheless his failure to obey a stoplight in which there was a likelihood of serious injury to Plaintiff.

VI.

Defendant, SUDDATH RELOCATION SYSTEMS, INC., had a legal duty to the public at large and Defendant, JUAN FUENTES-BARROSO, to ensure the safe operation of its motor vehicles. Defendant, SUDDATH RELOCATION SYSTEMS, INC., breached said duty by not providing the appropriate education, training, and supervision to Defendant, JUAN FUENTES-BARROSO, to perform his job duties properly and safely. Defendant, SUDDATH RELOCATION SYSTEMS, INC., owed Plaintiff a duty to provide safe drivers to the public at large and breached that duty as follows:

1. In hiring the Defendant, JUAN FUENTES-BARROSO when an otherwise reasonable prudent trucking company exercising ordinary care would not have done so;

2. In retaining the Defendant, JUAN FUENTES-BARROSO as an employee when an otherwise reasonable prudent trucking company exercising ordinary care would not have done so;

3. Failing to provide training, education, supervision, for its employees;

4.   Failing to furnish rules, policies, and guidelines for the operation of machinery and equipment for its employees, specifically driver performance;

5.   Failing to hire competent and knowledgeable employees having knowledge of the dangers and safe operation of vehicles/machinery available for use by its employees;

6.   Failing to properly train its employees about the safe operation and use of vehicles/machinery; and

7.   In failing to properly train and supervise its employees so as to avoid an unreasonable risk of harm to public at large from accidents such as the one giving rise to this cause of action.

Defendant SUDDATH RELOCATION SYSTEMS, INC.'S acts or omissions described above, when viewed from the standpoint of Defendant SUDDATH RELOCATION SYSTEMS, INC., at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant SUDDATH RELOCATION SYSTEMS, INC. had actual, subjective awareness of the risks involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of the Plaintiff and others.

Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff against Defendant SUDDATH RELOCATION SYSTEMS, INC..

VII.

Defendant, JUAN FUENTES-BARROSO was an agent and/or servant of Defendant, SUDDATH RELOCATION SYSTEMS, INC. As such, Defendant SUDDATH RELOCATION

SYSTEMS, INC. is responsible for the conduct of Defendant, JUAN FUENTES-BARROSO due to the master-servant relationship, which existed, under the doctrine of Respondeat Superior.

Defendant, JUAN FUENTES-BARROSO was an employee, agent and/or servant of Defendant, SUDDATH RELOCATION SYSTEMS, INC. As such, Defendant, SUDDATH RELOCATION SYSTEMS, INC. is responsible for the conduct of Defendant, JUAN FUENTES-BARROSO, among other acts and omissions of negligence, which may be shown at the trial of this cause. Additionally, and without waiving any of the foregoing, said Defendant, SUDDATH RELOCATION SYSTEMS, INC., negligently hired, trained, entrusted, supervised and retained the vehicle and duties and responsibilities to Defendant, JUAN FUENTES-BARROSO, because it knew and/or had reason to know that he was not a safe and prudent driver. The negligence was a proximate cause of Plaintiffs' damages.

Each of these acts and omissions, singularly or in combination with others, constitute negligence that was the proximate cause of this incident, and the injuries sustained by Plaintiff, IGNACIO HERNANDEZ.

VIII.

Plaintiff, IGNACIO HERNANDEZ, would show that nothing he did, or failed to do, in any way contributed to this accident.

IX.

Plaintiffs seek recovery for the following:

1. Physical pain and disability sustained by Plaintiff from date of injury to the time of trial;

2. Future physical pain and disability reasonably anticipated to be sustained by Plaintiff in the future;

3. Mental anguish and suffering sustained by Plaintiff from date of injury to time of trial;

4. Mental anguish and suffering reasonably anticipated to be suffered by Plaintiff in the future;

5. Loss of earnings sustained by Plaintiff from date of injury to time of trial;

6. Loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

7. Reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from date of injury to time of trial;

8. Reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

9. Past and future physical disfigurement;

10. Past and future physical impairment;

11. Loss of use; and

12. Property damage.

Plaintiff, IGNACIO HERNANDEZ, seeks damages within the jurisdictional limits of the Court.

X.

If any injury or condition currently suffered was pre-existing, then such condition was aggravated and/or exacerbated by the negligence of the Defendants.

XI.

As such, Plaintiff, IGNACIO HERNANDEZ, affirmatively pleads that he seeks monetary relief in an amount exceeding two hundred thousand dollars ($ 200,000.00) but less than one million dollars ($ 1,000,000.00).

Certified Document Number: 65014713 - Page 6 of 7

XII.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, IGNACIO HERNANDEZ, prays that Defendants JUAN FUENTES-BARROSO and SUDDATH RELOCATION SYSTEMS, INC. be cited to appear and answer, and that upon final trial, Plaintiff recovers from Defendants, jointly and severally, a sum within the jurisdictional limits of the Court, costs of Court, pre-judgment and post-judgment interest at the legal rate, and for any and all further relief, both general and special, legal and equitable to which Plaintiff may be justly entitled.

## REQUEST FOR DISCLOSURE

Under Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendants JUAN FUENTES-BARROSO and SUDDATH RELOCATION SYSTEMS, INC. disclose, within fifty (50) days of service of this request, the information and material described in 194.2.

Respectfully submitted,

**HIGDON LAWYERS**

**PAUL A. HIGDON**
SBN: 09590700
601 Sawyer, Suite 210
Houston, Texas 77007
713/223-7300 Telephone
713/223-7331 Facsimile

**ATTORNEY FOR PLAINTIFF**

Certified Document Number: 65014713 - Page 7 of 7

<pre>
</pre>



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   May 18, 2015

Certified Document Number:        65014713 Total Pages: 7

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**